UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

KENNETH JAMES DOIG,

    Plaintiff,

v.                                          Case No. 8:13-cv-1209-T-17AEP

CAROLYN W. COLVIN,
Acting Commissioner of Social Security,

    Defendant.
_____/

**REPORT AND RECOMMENDATION**

Plaintiff seeks judicial review of the denial of his claim for a period of disability and disability insurance benefits ("DIB"). As the Administrative Law Judge's ("ALJ") decision was based on substantial evidence and employed proper legal standards and the Appeals Council properly denied review of the ALJ's decision, it is recommended that the Commissioner's decision be affirmed.

**I.**

**A.**    **Procedural Background**

Plaintiff filed an application for a period of disability and DIB (Tr. 170-76). The Commissioner denied Plaintiff's claims both initially and upon reconsideration (Tr. 102, 111-18). Plaintiff then requested an administrative hearing (Tr. 122). Per Plaintiff's request, the ALJ held a hearing at which Plaintiff appeared and testified (Tr. 64-100). Following the hearing, the ALJ issued an unfavorable decision finding Plaintiff not disabled and accordingly denied Plaintiff's

claims for benefits (Tr. 50-63). Subsequently, Plaintiff requested review from the Appeals Council, which the Appeals Council denied (Tr. 1-7, 48-49). Plaintiff then timely filed a complaint with this Court (Doc. 1). The case is now ripe for review under 42 U.S.C. § 405(g) and 42 U.S.C. § 1383(c)(3).

**B.     Factual Background and the ALJ's Decision**

Plaintiff, who was born on March 3, 1971, claimed disability beginning August 31, 2010 (Tr. 170). Plaintiff completed high school and attended at least one year of college (Tr. 73, 204). Plaintiff's past relevant work experience included work as an auto detailer, construction worker, bartender, waiter, and house repairer (Tr. 94, 209). Plaintiff alleged disability due to a back injury, arthritis, and bulging and herniated discs (Tr. 203).

After conducting a hearing and reviewing the evidence of record, the ALJ determined Plaintiff had the following severe impairments: degenerative disc disease and arthritis (Tr. 55). Notwithstanding the noted impairments, the ALJ determined Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (*id.*). The ALJ then concluded that Plaintiff retained a residual functional capacity ("RFC") to light work, except that Plaintiff could sit for 4 hours; could occasionally climb stairs; could frequently bend; could never crawl or climb ladders, ropes, or scaffolds; must avoid concentrated exposure to vibration, extreme changes in temperature, and fumes, odors, gases, etc.; and was limited to unskilled work and low stress jobs, *i.e.* no assembly lines or production quota jobs (Tr. 56). In formulating Plaintiff's RFC, the ALJ considered Plaintiff's subjective complaints and determined that, although the evidence established the

presence of underlying impairments that reasonably could be expected to produce the symptoms alleged, Plaintiff's statements as to the intensity, persistence, and limiting effects of Plaintiff's symptoms were not credible to the extent that they were inconsistent with the RFC (Tr. 58).

Considering Plaintiff's noted impairments and the assessment of a vocational expert ("VE"), however, the ALJ determined Plaintiff could not perform his past relevant work (*id.*). Given Plaintiff's background and RFC, the VE testified that Plaintiff could perform other jobs existing in significant numbers in the national economy, such as a ticket taker, stenciler, and marker II (Tr. 59). Accordingly, based on Plaintiff's age, education, work experience, RFC, and the testimony of the VE, the ALJ found Plaintiff not disabled (Tr. 60).

## II.

To be entitled to benefits, a claimant must be disabled, meaning the claimant must be unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. § 423(d)(1)(A). A "physical or mental impairment" is an impairment that results from anatomical, physiological, or psychological abnormalities, which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques. 42 U.S.C. § 423(d)(3).

The Social Security Administration, in order to regularize the adjudicative process, promulgated the detailed regulations currently in effect. These regulations establish a "sequential evaluation process" to determine whether a claimant is disabled. 20 C.F.R. § 404.1520. If an individual is found disabled at any point in the sequential review, further inquiry is unnecessary.

20 C.F.R. § 404.1520(a). Under this process, the ALJ must determine, in sequence, the following: whether the claimant is currently engaged in substantial gainful activity; whether the claimant has a severe impairment, *i.e.*, one that significantly limits the ability to perform work-related functions; whether the severe impairment meets or equals the medical criteria of 20 C.F.R. Part 404, Subpart P, Appendix 1; and whether the claimant can perform his or her past relevant work. If the claimant cannot perform the tasks required of his or her prior work, step five of the evaluation requires the ALJ to decide if the claimant can do other work in the national economy in view of his or her age, education, and work experience. 20 C.F.R. § 404.1520(a). A claimant is entitled to benefits only if unable to perform other work. *Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987); 20 C.F.R. § 404.1520(g).

A determination by the Commissioner that a claimant is not disabled must be upheld if it is supported by substantial evidence and comports with applicable legal standards. *See* 42 U.S.C. § 405(g). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938) (internal quotation marks omitted)); *Miles v. Chater*, 84 F.3d 1397, 1400 (11th Cir. 1996). While the court reviews the Commissioner's decision with deference to the factual findings, no such deference is given to the legal conclusions. *Keeton v. Dep't of Health & Human Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994) (citing *Cornelius v. Sullivan*, 936 F.2d 1143, 1145 (11th Cir. 1991)).

In reviewing the Commissioner's decision, the court may not re-weigh the evidence or substitute its own judgment for that of the ALJ even if it finds that the evidence preponderates

against the ALJ's decision. *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983). The Commissioner's failure to apply the correct law, or to give the reviewing court sufficient reasoning for determining that he or she has conducted the proper legal analysis, mandates reversal. *Keeton*, 21 F.3d at 1066. The scope of review is thus limited to determining whether the findings of the Commissioner are supported by substantial evidence and whether the correct legal standards were applied. 42 U.S.C. § 405(g); *Wilson v. Barnhart*, 284 F.3d 1219, 1221 (11th Cir. 2002)(*per curiam*).

### III.

Plaintiff argues here that the ALJ erred by failing to properly consider Plaintiff's subjective complaints of pain and that the Appeals Council failed to properly consider new and material evidence provided by Dr. Shyam Swain. For the reasons that follow, the ALJ applied the correct legal standards and the ALJ's decision is supported by substantial evidence.

#### A. Subjective Complaints

Plaintiff first contends that the ALJ erred in considering his subjective complaints of pain. In addition to the objective evidence of record, the Commissioner must consider all the claimant's symptoms, including pain, and the extent to which these symptoms can reasonably be accepted as consistent with the objective evidence and other evidence. *See* 20 C.F.R. §§ 404.1529, 416.929. In social security disability cases, credibility determinations fall within the province of the ALJ. *Moore v. Barnhart*, 405 F.3d 1208, 1212 (11th Cir. 2005). Typically, the ALJ makes credibility determinations regarding a claimant's subjective complaints and must provide specific reasons for the credibility finding. *Holt v. Sullivan*, 921 F.2d 1221, 1223 (11th Cir. 1991); Social

Security Ruling 96-7p, 1996 WL 374186 (S.S.A. July 2, 1996). To establish a disability based on testimony of pain and other symptoms, the claimant must show evidence of an underlying medical condition and either (1) objective medical evidence confirming the severity of the alleged symptoms or (2) that the objectively determined medical condition can reasonably be expected to give rise to the alleged symptoms. *Wilson*, 284 F.3d at 1225; *see* 20 C.F.R. §§ 404.1529, 416.929. When the ALJ discredits the claimant's subjective testimony, the ALJ must articulate explicit and adequate reasons for doing so. *Wilson*, 284 F.3d at 1225; *Foote v. Chater,* 67 F.3d 1553, 1561-62 (11th Cir. 1995). A reviewing court will not disturb a clearly articulated credibility finding with substantial supporting evidence in the record. *Foote,* 67 F.3d at 1562.

Here, the ALJ considered Plaintiff's subjective complaints regarding back pain and determined that, although Plaintiff's medically determinable impairments could reasonably be expected to cause the alleged symptoms, Plaintiff's statements concerning the intensity, persistence, and limiting effects were not entirely credible (Tr. 58). In making that determination, the ALJ reviewed Plaintiff's statements and the longitudinal medical record and considered evidence pertaining to factors such as Plaintiff's daily activities; the location, duration, frequency, and intensity of pain and other symptoms; precipitating and aggravating factors; the type, dosage, effectiveness, and side effects of any medication taken to alleviate pain or other symptoms; and other evidence, including additional measures used to relieve pain or other symptoms (Tr. 56). *See* 20 C.F.R. §§ 404.1529(c)(3), 416.929(c)(3). As discussed in the ALJ's opinion, the evidence of record did not support a finding of debilitating back pain. Instead, the medical and other evidence of record demonstrated that, although Plaintiff complained of back pain, such pain did

not render Plaintiff disabled.

For example, in September 2010, after the alleged onset date, Plaintiff presented for a CT scan to assess his complaints of back pain (Tr. 256). The CT scan indicated broad-based intervertebral disc herniation at L3/4, L4/5, and L5/S1, which caused only mild bilateral neural foraminal stenosis (*id.*). No significant central canal or lateral recess stenosis were identified (*id.*). A couple weeks later, during a follow up visit to discuss the CT scan results with Catherine Bond, N.P., under the supervision of Brian Kroll, D.O., Plaintiff denied numbness, tingling, or weakness to his extremities but complained of chronic back pain and noted that his pain radiated down into his left buttocks area and that the pain had been chronic for more than a year (Tr. 378). Upon examination, however, Plaintiff appeared in no acute distress and demonstrated a normal range of motion, strength, and tone throughout his musculoskeletal system (Tr. 379).

Later, in December 2010, Thomas Renny, D.O., completed a Physical RFC Assessment in which he determined that Plaintiff could occasionally lift or up to 20 pounds, frequently lift or carry up to 10 pounds, stand or walk for about 6 hours in an 8-hour workday, sit about 6 hours in an 8-hour workday, and had no manipulative, visual, or communicative limitations (Tr. 275-82). Dr. Reddy determined, however, that Plaintiff could never climb ladders, ropes, or scaffolds; could only occasionally stoop or crawl; and must avoid concentrated exposure to vibration (Tr. 277, 279). In determining Plaintiff's RFC, Dr. Reddy noted that the evidence demonstrated a medically determinable impairment and that Plaintiff was at least partially credible and, therefore, the credible limitations were included in the RFC Assessment (Tr. 280).

Plaintiff then returned to Dr. Kroll in January 2011 for medication refills (Tr. 376-77).

During the appointment, Plaintiff complained of joint pain, joint stiffness, and back pain (Tr. 376).  Upon examination, Plaintiff appeared in no acute distress with a normal range of motion, strength, and tone in his musculoskeletal system, except that Plaintiff demonstrated some mild decrease in the flexion and extension of the lumbar spine due to pain (Tr. 377).  No neurological deficits were noted on examination, however (*id.*).  After the examination, Dr. Kroll did not order any new medications or objective testing to address Plaintiff's complaints.  Plaintiff again followed up with Dr. Kroll in March 2011 for medication refills and again complained of pain with range of motion in the back (Tr. 373-75).  Dr. Kroll assessed Plaintiff with chronic low back pain and prescribed refills for Plaintiff's medication (*id.*).

Following that, in June 2011, Plaintiff returned to Dr. Kroll and continued to report of pain with range of motion in the back (Tr. 371-72).  The treatment note reveals that Plaintiff never attended pain management and continued to be noncompliant with his treatment regimen (Tr. 371).  Notwithstanding, Plaintiff received refills of his medications but no other treatment regimen was ordered or suggested at that time (*id.*).  Months later, in November 2011, Plaintiff met with Dr. Kroll for a follow-up appointment regarding Plaintiff's back pain (Tr. 367-71).  Upon examination, Plaintiff continued to complain of pain with range of motion in the back (Tr. 368).  According to Plaintiff, he fell a few times since the last appointment and wanted another CT scan of his back because the pain in his back increased tenfold (Tr. 370).  At that point, Dr. Kroll continued Plaintiff on a medication regimen to treat the alleged chronic back pain (Tr. 370-71).  Since Plaintiff stated that he did not tolerate duragesics due to nausea, and stated that Vicodin was not strong enough for him, Dr. Kroll decided to change Plaintiff's medication to MS

Contin and follow up with Plaintiff in one month (Tr. 368).

Around the same time, Plaintiff underwent an MRI of the lumbar spine, which revealed intervertebral disc desiccation at L2/3 that had developed since a previous examination from May 2008[1] and facet joint arthropathy at L2/3, L3/4, L4/5, and L5/S1 (Tr. 382). The MRI also revealed no evidence of disc herniation or bulge; no evidence of any central canal, lateral recess, or neural foraminal stenosis; and no significant interval change when compared with the prior examination (*id.*). During a follow-up appointment in December 2011, Dr. Kroll noted that Plaintiff was in no acute distress but that Plaintiff continued to complain of pain with range of motion in the back (Tr. 364-65). Dr. Kroll noted that Plaintiff's pain was under "good control" so continued Plaintiff on his medication regimen (Tr. 365).

As the foregoing illustrates, neither the objective evidence or the medical opinions support Plaintiff's subjective complaints of disabling back pain.[2] As the ALJ noted, though Plaintiff continued to complain of disabling back pain subsequent to the alleged disability onset date, Plaintiff received only conservative treatment, Dr. Kroll stated that Plaintiff's pain was under

---

[1] A May 2008 MRI of Plaintiff's lower back indicated unremarkable findings and normal results (Tr. 350). More specifically, the vertebral bodies appeared normal in height and configuration throughout; the conus medullaris, cauda equina and meninges appeared unremarkable with no evidence of space occupying lesion or other signal abnormality; and the paravertebral soft tissues appeared unremarkable (*id.*).

[2] This includes evidence in the record from the period preceding the alleged onset date of August 31, 2010. Namely, Dr. James Messer's unremarkable findings during the May 2008 MRI (Tr. 350), Dr. Jamie Caracciolo's findings of no abnormalities during an October 2008 MRI (Tr. 329-32), Dr. Daniel Bender's finding in May 2009 that Plaintiff had reached maximum medical improvement and maintained a 0% partial impairment rating (Tr. 285), and Plaintiff's failure to seek medical attention from the period of May 2009 through March 2010.

"good control" despite reports of Plaintiff's non-compliance, objective testing yielded mostly normal or benign results, and Plaintiff continued to engage in numerous daily activities, including taking care of his children (Tr. 56-58, 79-80). As such, substantial evidence supported the ALJ's credibility finding and the ALJ's decision should thus be affirmed.

### B.     Appeals Council

Plaintiff next argues that the Appeals Council erred by failing to consider new, material evidence submitted by Plaintiff in support of his request for review. When a claimant appeals an ALJ's decision to the Appeals Council, "[t]he Appeals Council must consider new, material, and chronologically relevant evidence and must review the case if 'the administrative law judge's action, findings, or conclusion is contrary to the weight of the evidence currently of record.'" *Ingram v. Comm'r of Soc. Sec. Admin.*, 496 F.3d 1253, 1261 (11th Cir. 2007) (quoting 20 C.F.R. § 404.970(b)). Chronologically relevant evidence includes only such additional evidence that relates to the period on or before the date of the ALJ's hearing decision. 20 C.F.R. § 404.970(b).[3] Evidence relating to a period after the date of the ALJ's hearing decision is irrelevant as review

---

[3] In relevant part, 20 C.F.R. § 404.970 provides:

(b) If new and material evidence is submitted, the Appeals Council shall consider the additional evidence only where it relates to the period on or before the date of the administrative law judge hearing decision. The Appeals Council shall evaluate the entire record including the new and material evidence submitted if it relates to the period on or before the date of the administrative law judge hearing decision. It will then review the case if it finds that the administrative law judge's action, findings, or conclusion is contrary to the weight of the evidence currently of record.

20 C.F.R. § 404.970(b).

is limited to "the decision of the ALJ as to whether the claimant was entitled to benefits during a specific period of time, which period was necessarily prior to the date of the ALJ's decision." *Wilson v. Apfel*, 179 F.3d 1276, 1279 (11th Cir. 1999).

In this instance, the ALJ rendered his decision on February 17, 2012 (Tr. 50-63). Following issuance of the ALJ's decision, Plaintiff submitted records from Dr. Swain for a period from May to July 2012 in support of his request for review by the Appeals Council (Tr. 8-37). The evidence submitted to the Appeals Council was thus not chronologically relevant since it did not relate to the period on or before the date of the ALJ's hearing decision. 20 C.F.R. § 404.970(b). Indeed, in denying Plaintiff's request for review, the Appeals Council explicitly noted such deficiency:

> We also looked at the medical records from Shyam S. Swain, M.D. dated May 30, 2012 through July 30, 2012. The Administrative Law Judge decided your case through February 17, 2012. This new information is about a later time. Therefore, it does not affect the decision about whether you were disabled beginning on or before February 17, 2012.
>
> If you want us to consider whether you were disabled after February 17, 2012, you need to apply again. We are returning the evidence to you to use in your new claim.

(Tr. 2). Given the failure by Plaintiff to provide chronologically relevant new evidence, the Appeals Council appropriately denied review of the ALJ's decision. Plaintiff's arguments to the contrary lack merit.

Notwithstanding, even if the new evidence was chronologically relevant, the evidence would not render the denial of benefits erroneous or present a reasonable possibility that the administrative outcome would change and is therefore not material. *See Ingram*, 496 F.3d at

1262 (noting that review by a federal district court requires consideration of evidence not initially submitted to the administrative law judge but considered by the Appeals Council in order to determine whether that new evidence renders the denial of benefits erroneous); *see Caulder v. Bowen*, 791 F.2d 872, 877 (11th Cir. 1986) ("To be material, the evidence must be relevant and probative so that there is a reasonable possibility that it would change the administrative outcome" (citation omitted)). Dr. Swain's treatment notes indicate that, although Plaintiff appeared in mild distress and complained of back pain, a general inspection of Plaintiff's back and spine revealed no deformity or diffuse tenderness and a joint stability exam revealed normal stability (Tr. 22, 28). Examination revealed joint and range of motion stiffness and muscle spasms, but Plaintiff refused any movement of his low back or toe-heel walking because of his claims of pain (Tr. 22-23, 29). Dr. Swain also noted, however, that Plaintiff had no major deficits of coordination or sensation, no deep tendon reflex deficits, normal coordination, and no deficit in motor examination (Tr. 23, 29). Dr. Swain continued Plaintiff on a medication regimen and suggested a facet nerve block procedure (Tr. 30). At a follow-up appointment with Dr. Swain, Plaintiff reported adequate pain control with his present medication and treatment and even reported improvement in his daily activities and sleep (Tr. 33). Accordingly, Dr. Swain continued Plaintiff on his medication regimen (Tr. 34).

A few weeks later, Dr. Swain performed a facet injection, after which Plaintiff reported a greater than 50% improvement of his pain in the immediate post-operative period (Tr. 35). Despite the noted improvement, Plaintiff reported a couple weeks later that he still had some pain going down his left buttock and leg and reported difficulty in daily activities and sleep (Tr. 36).

As a result, Plaintiff requested epidural steroid injections for his continued pain (Tr. 36-37). Dr. Swain continued Plaintiff on his medication regimen and stated that authorization would be required for any epidural steroid injections (Tr. 37).

Review of Dr. Swain's treatment notes demonstrates simply that Plaintiff's complaints of back pain continued but did not rise to the level of disabling. By Plaintiff's own admission, the medication kept the pain under good control and then the facet injection led to a 50% improvement in the pain. Although Plaintiff continued to complain of back pain, Plaintiff demonstrated only some stiffness, muscle spasms, and mild sensitivity upon examination but refused to perform other testing because of the purported pain. These findings do not differ significantly from those considered by the ALJ in rendering his decision or demonstrate that Plaintiff's back pain warranted a finding of disabled. As such, the Appeals Council appropriately determined that the new evidence was not material and would not render the denial of benefits erroneous or present a reasonable possibility that the administrative outcome would change. Accordingly, as substantial evidence supports the ALJ's decision, and the Appeals Council's decision to deny review did not constitute error, the decision of the Commissioner should be affirmed.

## IV.

Accordingly, for the foregoing reasons, it is

RECOMMENDED:

1. The decision of the Commissioner be AFFIRMED.

2. The Clerk be directed to enter final judgment in favor of the Commissioner and close

13

the case.

DONE AND ORDERED in Tampa, Florida, on this 7th day of July, 2014.

*[signature]*

ANTHONY E. PORCELLI
United States Magistrate Judge

**NOTICE TO PARTIES**

Failure to file and serve written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date it is served on the parties shall bar an aggrieved party from a *de novo* determination by the District Court of issues covered in the report, and shall bar the party from attacking on appeal factual findings in the report accepted or adopted on appeal by the District Court except upon grounds of plain error or manifest injustice. 28 U.S.C. § 636(b)(1)(C); Local Rule 6.02; *Nettles v. Wainwright,* 677 F.2d 404 (5th Cir. 1982) *(en banc).*

cc:  Hon. Elizabeth A. Kovachevich

   Counsel of Record