UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

KENNETH DOIG,

       Plaintiff,

v.                            CASE NO.  8:13-CV-1209-T-17AEP

CAROLYN W. COLVIN,
Acting Commissioner of
Social Security,

       Defendant.

_____/


ORDER

This cause is before the Court on:

Dkt. 20   Report and Recommendation
Dkt. 21   Objections
Dkt. 25   Response to Objections

In the Complaint, Plaintiff Kenneth James Doig seeks review of the denial of Plaintiff's claim for disability insurance benefits.   The assigned Magistrate Judge has entered a Report and Recommendation in which it is recommended that the decision of the Commissioner to deny Plaintiff's claim be affirmed, as the decision is based on substantial evidence and employed proper legal standards, and the Appeals Council properly denied review of the ALJ's decision.

Plaintiff's alleged onset date is August 31, 2010.  Plaintiff meets the insured status requirements of the Social Security Act through December 31, 2014.  The ALJ rendered the decision on February 17, 2012.

Case No. 8:13-CV-1209-T-17AEP

The Court has independently reviewed the pleadings and the record. Plaintiff Doig has filed Objections to the Report and Recommendation, and Defendant has filed a Response to Plaintiff's Objections.

I. Standard of Review

A. Report and Recommendation

The District Court reviews de novo the portions of the Report and Recommendation or specified proposed findings to which an objection is made. The District Court may accept, reject, or modify in whole or in part the report and recommendation of a magistrate judge, or may receive further evidence, or may recommit the matter to the Magistrate Judge with instructions.

B. Social Security Claim

This Court's role in reviewing claims brought under the Social Security Act is a narrow one. The scope of its review is limited to determining: (1) whether there is substantial evidence in the record as a whole to support the findings of the Commissioner, and (2) whether the correct legal standards were applied. Richardson v. Perales, 402 U.S. 389, 390, 401 91 S.Ct. 1420, 28 L. Ed. 2d 842 (1971); Lamb v. Bowen, 847 F.2d 698, 701 (11th Cir. 1988). The Court may not decide facts, reweigh evidence, or substitute its judgment for that of the Commissioner. See Bloodsworth v. Heckler, 703 F.2d 1233, 1239 (11th Cir. 1983). However, this limited scope does not render affirmance automatic, for "despite [this] deferential standard for review of claims . . . [the] Court must scrutinize [the] record in its entirety to determine reasonableness of the decision reached." Bridges v. Bowen, 815 F.2d 622 (11th Cir. 1987); Lamb, 847 F.2d at 701. Moreover, failure to apply the correct legal standards is grounds for reversal. Bowen v. Heckler, 748 F.2d 629, 634 (11th Cir. 1984).

Case No. 8:13-CV-1209-T-17AEP

With respect to the sequential analysis, the burden rests with the claimant through the first four steps of the analysis, and shifts to the Commissioner at step five. See Audler v. Astrue, 501 F.3d 446, 448 (5th Cir. 2007).

C.  Remand

Section 405(g) permits a district court to remand an application for benefits to the Commissioner...by two methods, which are commonly denominated 'sentence four remands' and 'sentence six remands....'" Ingram v. Commissioner, 496 F.3d 1253, 1261 (11th Cir. 2007).  A sentence four remand is appropriate when "evidence properly presented to the Appeals Council has been considered by the Commissioner and is part of the administrative record." Id. at 1269.  When a claimant submits new evidence to the Appeals Council, a reviewing court must consider the entire record, including the evidence submitted to the Appeals Council, to determine whether the denial of benefits was erroneous. Id. at 1262.  A sentence six remand is appropriate when the district court learns of evidence not in existence or available to the claimant at the time of the administrative proceeding that might have changed the outcome of that proceeding. Id. at 1267.

II.  Discussion

Plaintiff Doig has asserted Objections to the Report and Recommendation:

1.  The Magistrate Judge and the ALJ picked and chose evidence which supported their decisions but disregarded other contrary evidence;

2.  The Magistrate Judge and the ALJ mischaracterized and paraphrased evidence;

3.  The Magistrate Judge and the ALJ penalized Plaintiff because of his ability to perform limited daily activities;

3

Case No. 8:13-CV-1209-T-17AEP

4. The Magistrate Judge erred by determining that Dr. Swain's medical records are not chronologically relevant;

5. The Magistrate Judge erred by determining the Appeals Council appropriately determined Dr. Swain's medical records are not material to warrant remand back to the ALJ.

The Social Security Administration has established a five-step sequential evaluation process for determining whether an individual is disabled. 20 CFR 4504.1520(a). The steps are followed in order. If it is determined that the claimant is or is not disabled at a step in the evaluation process, the evaluation will not go on to the next step.

At Step Two of the evaluation process, Plaintiff Doig had the mild burden of showing that Plaintiff has an impairment which has more than a minimal impact on Plaintiff's ability to perform basic work activities. See Flynn v. Heckler, 768 F.2d 1273 (11th Cir. 1985). In this case, at Step Two, the ALJ determined that Plaintiff Doig has the following severe impairments: degenerative disc disease and arthritis. At Step Three, the ALJ determined that Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1. After considering the entire record, the ALJ found that Plaintiff Doig has the residual functional capacity ("RFC") to perform light work as defined in 20 CFR 404.1567(b) except that Plaintiff: can sit for 4 hours, can occasionally climb stairs; can frequently bend; can never crawl or climb ladders, ropes, or scaffolds; must avoid concentrated exposure to vibration, extreme changes in temperature, and fumes, odors, gases, etc., and is limited to unskilled work and low stress jobs, i.e. no assembly lines or production quotas jobs. At Step Four, the ALJ determined that Plaintiff Doig is not able to perform past relevant work as an automobile detailer, construction worker, bartender, waiter and house repairer. At Step Five, after considering Plaintiff Doig's residual functional capacity, age, education and work experience, and based on the testimony of the VE, the ALJ determined that there are

Case No. 8:13-CV-1209-T-17AEP

jobs that exist in significant numbers in the national economy that Plaintiff Doig can
perform.  Therefore, the ALJ determined that Plaintiff Doig has not been under a
disability from August 31 2010 to the date of the decision, February 17, 2012.

A.  Magistrate Judge and ALJ picked and chose evidence which supported their
    decisions but disregarded contrary evidence

Plaintiff argues that the Magistrate Judge focused on the examinations of
September 2010 and January, 2011, in which Plaintiff appears to be in no acute
distress and demonstrated a normal range of motion, strength and tone throughout
Plaintiff's musculoskeletal system, but ignored the examinations of March 28, 2011 and
June 30, 2011, which revealed pain with range of motion in the back.

Plaintiff argues that the ALJ discussed the September 1, 2010 CT, the January
19, 2011 examination, the November 9, 2011 examination, and the December 7, 2011
examination, but ignored the examinations  of March 28, 2011 and June 30, 2011,
which revealed pain with range of motion in the back, and ignored the MRI of November
16, 2011, which revealed intervertebral disc dessication at L2/3 and facet joint
arthropathy at L2/3, L3/4, L4/5 and L5/S1.

Plaintiff argues that the evidence which was ignored would have provided a
contrary decision, and an immediate reversal of the decision is mandated for further
consideration.

Defendant responds that the regulations require the ALJ to consider the entirety
of the evidence in determining whether a claimant is disabled, but the ALJ is not
required to specifically address every statement or finding in the record, provided the
ALJ's decision is sufficient to enable the Court to conclude that the ALJ properly
considered the claimant's condition as a whole.  See Dyer v. Barnhart, 395 F.3d 1206,

Case No. 8:13-CV-1209-T-17AEP

1211 (11th Cir. 2005).

The Court notes that the ALJ discusses Dr. Kroll's examination of January 19, 2011, in which Dr. Kroll noted normal range of motion, strength and tone, except for "mild" decrease in lumbar spine flexion and extension due to pain, and further stated "Subsequent clinical findings remained the same," for which Dr. Kroll prescribed Vicodin and Flexeril. (Dkt. 16-2, p. 59).

The Court also notes that the Magistrate Judge states that "Plaintiff again followed up with Dr. Kroll in March, 2011 for medication refills and again complained of pain with range of motion in the back....Dr. Kroll assessed Plaintiff with chronic low back pain and prescribed refills for Plaintiff's medication." "Following that, in June, 2011, Plaintiff returned to Dr. Kroll and continued to report of pain with range of motion in the back...The treatment note reveals that Plaintiff never attended pain management and continued to be noncompliant with his treatment regimen....Notwithstanding, Plaintiff received refills of his medications but no other treatment regimen was ordered or suggested at that time." (Dkt. 20, p 8).

In determining Plaintiff's RFC, the ALJ considered all of Plaintiff's symptoms, and the extent to which the symptoms could reasonably be accepted as consistent with the objective medical evidence and other evidence, and also considered opinion evidence. The ALJ made a credibility determination, applying the "pain standard." This required the ALJ to resolve conflicts in the evidence. The ALJ determined that Plaintiff's complaint of constant severe pain was partially credible. The ALJ restricted Plaintiff to the light exertional level, and, based on Plaintiff's history of a back injury and some residual pain, imposed further limitations: "can sit for 4 hours; can occasionally climb stairs; can frequently bend; can never crawl or climb ladders, ropes or scaffolds; must avoid concentrated exposure to vibration, extreme changes in temperature, and fumes, odors, gases, etc; and is limited to unskilled work and low stress jobs, i.e. no assembly

6

Case No. 8:13-CV-1209-T-17AEP

lines or production quotas jobs."   While the ALJ must consider the record as a whole,
the ALJ is not required to discuss every piece of evidence.   The ALJ did not ignore
contrary evidence in his opinion; the ALJ was required to weigh conflicting evidence
when making a finding as to Plaintiff's credibility, and did so.   The Magistrate Judge did
not ignore contrary evidence in the Report and Recommendation.

After consideration, the Court **overrules** Plaintiff's Objection as to this issue.

B.  Magistrate Judge and ALJ mischaracterized and paraphrased evidence

Plaintiff argues that the Magistrate Judge misstated evidence as to the
November 2011 appointment and December 2011 appointment with Dr. Kroll, by
misstating objective findings as subjective complaints, and stating that Dr. Kroll noted
that Plaintiff was in no acute distress, when the record of December 2011 does not
mention this.   Plaintiff further argues that the Magistrate Judge mischaracterized
Plaintiff's treatment as "conservative."   Plaintiff argues that the Magistrate Judge does
not clarify how the prescription of narcotic pain medication constitutes "conservative
treatment."

Plaintiff argues that the ALJ mischaracterizes evidence when stating "the
allegations of severely limiting pain are not substantiated by the clinical findings, **which
are mostly normal**.  Plaintiff argues that the ALJ ignored the examinations of March
28, 2011 and June 2011 which revealed pain with range of motion in back, and the MRI
of November 16, 2011, which revealed intervertebral disc dessication and facet joint
arthropathy, as noted above.  Plaintiff further argues that the evidence from September
2010 through December 2011 is split in terms of exams which reveal a normal range of
motion and those which reveal a restricted range of motion due to pain.  Plaintiff further
argues that, over the course of 8 visits in a year, Plaintiff displayed restricted range of
motion due to pain on two occasions, received narcotic pain medications on eight

7

Case No. 8:13-CV-1209-T-17AEP

occasions, and had an MRI which revealed disc dessication and facet joint arthropathy;
Plaintiff argues that the ALJ's decision is devoid of any explanation of how he
determined that Plaintiff's clinical findings were "mostly normal."

1. Objective/Subjective

The Court notes that Plaintiff saw Dr. Kroll on November 9, 2011 "for follow up
on his back pain." (Dkt. 16-7, p. 116).   Under "Subjective" "ROS" (review of systems),
Dr. Kroll states "Positive for **back pain**" as to Plaintiff's Musculoskeletal system.
Plaintiff returned for a one month follow up and medication refills on December 7, 2011.
On that day, under "Subjective" ROS, as to Plaintiff's Musculoskeletal system, Dr.
Kroll's record states "negative for arthralgias, back pain, and myalgias"; under
"Objective," upon physical examination, in general, Dr. Kroll states Plaintiff was "well
developed and nourished; appropriately groomed; **in no apparent distress**."   Upon
examination of Plaintiff's Musculoskeletal system, Dr. Kroll states "pain with range of
motion in the back."  Dr. Kroll's plan states: "PT WITH GOOD CONTROL OF PAIN
WILL RENEW MEDS."  (Dkt. 16-7, p. 111).

2. Conservative Treatment

The meaning of "conservative treatment" is well known; it includes any mode of
treatment which is short of surgery.   Treatment with medication, whether prescribed or
over-the-counter, and steroid injections is still conservative treatment,  i.e. not surgery.
The ALJ noted Plaintiff's injury in October 2008, the MRI showing no acute injury, no
significant stenosis and no significant impingement; "the claimant was noted to have
only minimally bulging discs and was treated conservatively for his back pain." (Dkt. 16-
2, p. 58).  After the alleged onset date, the treatment rendered by Plaintiff's treating
physician does not include a record of surgery, or any opinion that surgery is indicated.
Plaintiff's treating physician prescribed medications to treat moderate to severe pain,

Case No. 8:13-CV-1209-T-17AEP

and continued to refill the prescriptions; Dr. Kroll's records reflect that the medication controlled Plaintiff's pain. When prescribed medication effectively relieves pain, the pain does not limit a plaintiff's ability to perform work demands. A course of conservative treatment tends to negate a claim of disabling pain. Wolfe v. Chater, 86 F.3d 1072, 1078 (11th Cir. 1996).

3. Clinical Findings

The MRI of 10/21/2008 revealed mild facet hypertrophy at L2/3, L3/4 and L4/5 (Dkt. 16-7, p. 75); the MRI of 11/16/2011 acknowledges the presence of facet arthropathy at L2/3, L3/4, L4/5, and L5/S1, but states "There has been no significant interval change since the previous examination." (Dkt. 16-7, p. 128). The MRI of 11/16/2011 states that disc dessication at L2/3 has developed since the previous examination, but "No disc herniation or bulge was identified. There is no evidence of central canal, lateral recess or neural foraminal stenosis."

The ALJ found that Plaintiff has medically determinable impairments which could reasonably be expected to cause the alleged symptoms; therefore the ALJ was required to evaluate the intensity, persistence and limiting effects of Plaintiff's symptoms to determine the extent to which the symptoms limit the Plaintiff's functioning. Whenever statements about the intensity, persistence, or functionally limiting effects of pain or other symptoms are not substantiated by objective medical evidence, the ALJ must make a finding on the credibility of the statements based on consideration of the entire case record. In the context of the ALJ's credibility determination, the assigned Magistrate Judge summarizes Plaintiff's treatment with Dr. Kroll (Dkt. 20, pp. 6-10), and then finds:

> As the foregoing illustrates, neither the objective evidence or
> the medical opinions support Plaintiff's subjective complaints

9

Case No. 8:13-CV-1209-T-17AEP

> of disabling back pain.  As the ALJ noted, though Plaintiff
> continued to complain of disabling back pain subsequent to
> the alleged disability onset date, Plaintiff received only
> conservative treatment, Dr. Kroll stated that Plaintiff's pain
> was under "good control" despite reports of Plaintiff's non-
> compliance, objective testing yielded mostly normal or
> benign results, and Plaintiff continued to engage in
> numerous daily activities, including taking care of his
> children....As such, substantial evidence supported the
> ALJ's credibility finding and the ALJ's decision should thus
> be affirmed."

The ALJ noted a decrease in lumbar spine flexion and extension due to pain In January, 2011, but no neurological deficits, and subjective pain with range of motion in December, 2011.

As to the omission of any reference to 2011 MRI results, the ALJ is not required to refer to every piece of evidence in his decision; a reasonable inference based on the 2011 MRI results is that, in spite of the presence of disc dessication, where there is no interval change (change in height), no disc herniation, and no stenosis,  there has been no great deterioration in Plaintiff's condition.   Where a treating physician prescribes narcotic  pain medication, the Court infers that the patient for whom it is prescribed is suffering pain, but the purpose of pain medication is to relieve pain.  Where such medication is prescribed on an onoing basis, and the treating physician notes "good pain control", the Court can infer that the patient's pain was relieved by the medication. Where a patient's treating physician requires a patient to undergo tests or refers the patient to a pain management specialist, but the patient does not attend the necessary appointments, delaying treatment, an adverse inference can be drawn from the failure to follow prescribed treatment; one possible inference is that the patient's condition which requires treatment is not as severe as the patient complains that it is.  Finally, the Court understands "mostly normal" in terms of consideration of the medical evidence as a whole; there were more occasions in which there was no restriction of range of motion due to pain than there were occasions where this sign was present.

Case No. 8:13-CV-1209-T-17AEP

After consideration, the Court **overrules** Plaintiff's objection as to the above issues.

C. Magistrate Judge and ALJ penalized Plaintiff because of his ability to perform limited daily activities

Plaintiff argues that the Magistrate Judge and the ALJ erred by penalizing Plaintiff because of his ability to perform limited daily activities.

Plaintiff argues that Magistrate Judge and the ALJ selected certain discrete admissions in noting that Plaintiff engages in a number of activities, including caring for children. Plaintiff argues that this statement is taken out of context, and both Plaintiff and Plaintiff's fiancee testified that Plaintiff is significantly limited in his ability to perform activities. Plaintiff argues that the statement "Plaintiff is engaged in a number of activities" is technically correct, but does not give an accurate and complete picture of how Plaintiff performs the activities. Plaintiff argues that neither the Magistrate Judge nor the ALJ address testimony of Plaintiff's fiancee that Plaintiff prepares dinner and picks up the children because Plaintiff's fiancé works many hours, and Plaintiff and Plaintiff's fiancé stress that Plaintiff forces himself to do these things because Plaintiff's fiancé financially supports the household.

Plaintiff argues that both the Magistrate Judge and ALJ ignored the testimony that activities Plaintiff performs are significantly affected by Plaintiff's pain. Plaintiff argues that the ALJ has selectively disregarded or ignored relevant testimony, such as Plaintiff's testimony at the hearing of the resulting pain from doing household chores and taking care of children. Plaintiff argues that both the Magistrate Judge and ALJ do not acknowledge that Plaintiff has to take care of his children, so the fact that Plaintiff forces himself to do so should not be used to penalize him. Plaintiff argues that Plaintiff's allegations regarding his daily activities are taken completely out of context.

Case No. 8:13-CV-1209-T-17AEP

The Government responds that, while the ability to engage in daily living activities does not disqualify a claimant from receiving disability benefits, the Commissioner may properly consider a claimant's daily activities, among other evidence. See, 20 CFR Sec. 404.1529(c)(3)(i); Majkut v. Comm'r of Soc. Sec., 394 Fed. Appx. 660,663 (11th Cir. 2010).

It is the role of the ALJ to resolve conflicts in the evidence and to make a credibility determination. When statements about the intensity, persistence or functionally limiting effects of pain or other symptoms are not substantiated by objective medical evidence, the ALJ is required to make a credibility determination based on the entire case record; however, the ALJ is not required to address every piece of evidence. In this case, the ALJ determined Plaintiff's statements about the intensity, persistence and limiting effects of pain to be partially credible, to the extent consistent with the ALJ's modified light RFC. The ALJ's consideration of Plaintiff's activities, including caring for children, was only one factor that the ALJ considered, among others.

After consideration, the Court **overrules** Plaintiff's objection as to this issue.

D. Magistrate Judge erred by determining that Dr. Swain's medical records are not chronologically relevant

The ALJ rendered his decision on February 17, 2012. Dr. Swain's medical records were for a period from May 30, 2012 to July 26, 2012 in support of Plaintiff's request for review.

Plaintiff argues that the Magistrate Judge erred in determining that Dr. Swain's records are not chronologically relevant. See Watkins v Astrue, 925 F.Supp.2d 1257, 1263 (N.D. Ala. 2012)(citing Boyd v. Heckler, 704 F.2d 1207, 1211 (11th Cir. 1983)). Plaintiff argues that Plaintiff's symptoms, due to their nature and severity, could bear on

12

Case No. 8:13-CV-1209-T-17AEP

his condition during the relevant period between August 2010 and February 17, 2012, and Plaintiff was sent to Dr. Swain based on his underlying condition which manifested itself during the relevant period.

The Government relies on arguments previously made in the Commissioner's Memorandum, and in the Report and Recommendation (Dkt. 19, pp. 7-11; Dkt. 20, pp. 11-13).

Dr. Swain's records (Dkt. 16-2, pp. 9-37) show that Plaintiff was referred to Dr. Swain on 5/30/2012 by his primary care physician, Dr. Roose, for pain management. Plaintiff reported his pain control to be inadequate.  On examination, Dr. Swain noted diffuse tenderness of Plaintiff's spine, muscle spasm and stiffness in Plaintiff's range of motion.  Plaintiff refused toe/heel walk due to pain.  Dr. Swain also noted no major deficits of coordination or sensation, no deep tendon reflex deficit, and diminished sensation bilaterally at L4/5.  Dr. Swain's diagnosis was lumbosacral spondylosis, lumbosacral radiculitis NOS, and lumbar disc herniation with cord compression.  Dr. Swain's goal was to improve pain control, and to improve Plaintiff's activities of daily living.  Dr. Swain prescribed Morphine XR, 15 mg, and Flexeril 10 mg.  Dr. Swain advised a facet nerve block, bilateral, L3/4/5, followed by lumbar ESI x3 (epidural steroid injections).  Plaintiff returned to Dr. Swain on 6/28/2012, at which time Plaintiff reported adequate pain control with present medication and treatment, and reported improvement in daily activities and sleep.  At that time, Plaintiff reported his pain as moderate, 5/10.    Plaintiff saw Dr. Swain for the facet nerve block on 7/12/2012; Dr. Swain states:

**Procedure Notes:**

INDICATIONS:    Patient has failed conservative treatment He/she c/o increased pain not adequately controlled with medications.  Pain affects daily activities and work both physically and psychologically.  Examination

13

Case No. 8:13-CV-1209-T-17AEP

> shows increased tenderness and restriction of ROM.  Extension of the
> spine increases pain.

Plaintiff reported a 50% decrease in pain immediately after the facet nerve block procedure.   Plaintiff returned to Dr. Swain on 7/26/2012, reporting inadequate pain control, difficulty in activities of daily living and sleep.  At that time, Plaintiff reported his pain as "moderate."  Dr. Swain refilled prescriptions and scheduled the lumbar ESI.

Dr. Swain's records state his clinical findings on examination some months after the hearing and decision of the ALJ, and his recommendations for treatment at that time; Dr. Swain obtained Plaintiff's past medical records for review in conjunction with Dr. Swain's treatment.   Dr. Swain prescribed medication and rendered treatment that controlled Plaintiff's pain level and Plaintiff reported improvement in his activities of daily living.  Dr. Swain  does not express any opinion about the nature and severity of Plaintiff's impairment at any time prior to the time Dr. Swain treated Plaintiff.

New evidence is "chronologically relevant" if it relates to the period on or before the ALJ's decision.  That Plaintiff complained of increased pain not controlled by medication some months after the ALJ's decision does not establish that the increased pain, or a worsening underlying condition causing additional functional impairment, was present before that time.  The record of Dr. Swain's treatment is not a retrospective diagnosis of Plaintiff's impairments that relates back to the period of time addressed by the ALJ.

After consideration, the Court **overrules** Plaintiff's objection as to this issue.

14

Case No. 8:13-CV-1209-T-17AEP

E.  Magistrate Judge erred by determining that the Appeals Counsel appropriately
    determined Dr. Swain's medical records are not material to warrant remand back to
    the ALJ

       As to the submission of new evidence, Plaintiff argues that the proper inquiry is

whether there is a reasonable possibility the new evidence would change the

administrative outcome.  Culver v. Astrue, 924 F.Supp.2d 1295, 1302 (N.D. Ala. 2013).

Plaintiff argues that the ALJ primarily considered the medical records from Dr. Kroll, a

general practitioner; the records before the Appeals Council were from Dr. Shyam

Swain, Interventional Pain Specialist/Anesthesiologist, Master General Surgeon,

Diplomat American Board of Pain Medicine, Diplomat American Board of

Anesthesiology, for a pain consultation.  Plaintiff argues that the opinions of specialist

on issues within their areas of expertise are generally entitled to more weight than the

opinions of non-specialists.


       Plaintiff further argues that referral to a Pain Management doctor typically

indicates an underlying disease or that conservative treatment has failed.  Plaintiff

further argues that Dr. Swain identified other objective medical evidence which was not

presented before the ALJ.  The May 30, 2012 examination reveals diffuse tenderness

to the back and spine; joint inspection–palpation reveals stiffness; muscle tone

illustrates muscle spasms and range of motion shows stiffness.  Examinations of June

28, 2012 and July 26, 2012 reveal the same.  Plaintiff argues that these objective

examinations would have provided the ALJ with a more informed and complete picture

of Plaintiff's limitations.


       Plaintiff further argues that: 1) Plaintiff was prescribed more aggressive

medication for pain by Dr. Swain than by Dr. Kroll; Dr. Swain prescribed Morphine

Extended Release, 15 mg and 30 mg; 2) Plaintiff was prescribed Facet Blocks and

Lumbar Epidural Steroid injections, a different treatment than provided by Dr. Kroll; 3)

Dr. Swain's findings on examination are consistent with the reports before the ALJ

Case No. 13-CV-1209-T-17AEP

regarding the range of motion with pain, and may have changed the ALJ's decision; 4) Dr. Swain determined that Plaintiff's increased pain was not adequately with medications and that Plaintiff has failed conservative treatment; 5) after reviewing Plaintiff's X-Ray, MRI, CT Scan and medical records, the same records before the ALJ, Dr. Swain made the determination of failed treatment, such that the new evidence would have provided a basis for the ALJ to determine that Plaintiff's pain was severely disabling.

Plaintiff argues that the Magistrate Judge erred in characterizing the medical evidence as not differing significantly from the record before the ALJ, and since the new evidence would have provided a reasonable possibility of changing the ALJ's mind, this case should have been remanded to the ALJ.

In the Report and Recommendation, the assigned Magistrate Judge found that the new evidence would not render the denial of benefits erroneous or present a reasonable possibility that the administrative outcome would change, and is therefore not material. After review of Dr. Swain's treatment notes, the Magistrate Judge found that Plaintiff's complaints of back pain continued but did not rise to the level of disabling; Plaintiff admitted that the medication controlled the pain, and the facet injection led to a 50% improvement in the pain. Plaintiff continued to complain of back pain, but demonstrated only some stiffness, muscle spasms and mild sensitivity upon examination; other testing was not performed due to Plaintiff's purported pain. The Magistrate Judge concluded that these findings do not differ significantly from those considered by the ALJ in rendering his decision, or demonstrate that Plaintiff's back pain warrants a finding of disabled.

The Appeals Council ("AC") "must consider new, material and chronologically relevant evidence and must review the case if the administrative law judge's action, findings, or conclusion is contrary to the weight of the evidence currently of record.

16

Case No. 13-CV-1209-T-17AEP

Ingram v. Commissioner of Soc. Sec. Admin, 496 F.3d 1253, 1261 (11th Cir. 2007).

In this case, the Appeals Council acknowledged that it will review a case when the AC receives new and material evidence and the decision of the ALJ is contrary to the weight of all the evidence now in the record.  The AC further states that the AC considered the reasons Plaintiff disagrees with the decision in the material listed on the enclosed Order of Appeals Council.  The AC found the information does not provide a basis for changing the ALJ's decision; the AC also looked at the medical records of Dr. Shyam Swain, M.D. dated May 30, 2012 through July 30, 2012, stated the ALJ decided Plaintiff's case on February 17, 2012, and states "This new information is about a later time.  Therefore, it does not affect the decision about whether [Plaintiff] was disabled on or before February 17, 2012."

When a claimant submits new evidence to the AC, a reviewing court must consider the entire record, including the evidence submitted to the AC, to determine whether the denial of benefits was erroneous.  A sentence four remand is appropriate when "evidence properly presented to the Appeals Council has been considered by the Commissioner and is part of the administrative record." Ingram, 496 F.3d at 1269. To remand under sentence four, the district court must either find the Commissioner's decision is not supported by substantial evidence, or that the Commissioner incorrectly applied the law relevant to the disability claim.   Where the district court cannot discern the basis for the Commissioner's decision, a sentence-four remand may be appropriate to allow the Commissioner to explain the basis for his decision.  Johnson v. Barnhart, 268 F.Supp.2d 1317, 1321 (M.D. Fla. 2002)(citing Jackson v. Chater, 99 F.3d 1086, 1089-92, 1095,1098 (11th Cir. 1996)).  After a sentence four remand, the district court enters a final and appealable judgment immediately, and then loses jurisdiction.  Id.

The Court notes that Dr. Swain prescribed pain medication, performed a facet nerve block, and prescribed epidural steroidal injections.  Plaintiff was previously

17

Case No. 13-CV-1209-T-17AEP

treated with pain medication, physical therapy and epidural steroidal injections. None of Plaintiff's treating physicians recommended surgery. Plaintiff reported that his pain improved with the change of medication and the facet nerve block. In his records, Dr. Swain does not express any functional limitations greater than those in the ALJ's RFC determination.

The Court finds that the Appeals Council was not in error in denying review, where the Appeals Council considered the new evidence offered by Plaintiff but determined that the new information did not provide a basis for changing the ALJ's decision. The Court further finds that the assigned Magistrate Judge was not in error in finding that the new evidence would not render the denial of benefits erroneous, or present a reasonable possibility that the administrative outcome would change, and was therefore not material.

After consideration, the Court **overrules** Plaintiff's objection as to this issue. Accordingly, it is

**ORDERED** that Plaintiff's Objections are **overruled**, and the Report and Recommendation is **adopted and incorporated**. The decision of the Commissioner denying benefits is **affirmed**, and the Appeals Council properly denied review of the decision of the ALJ. The Clerk of Court **shall enter** a final judgment in favor of Defendant Carolyn W. Colvin, Acting Commissioner of Social Security, and close this case.

Case No. 13-CV-1209-T-17AEP

DONE and ORDERED in Chambers, in Tampa, Florida on this
10th day of September, 2014.

ELIZABETH A. KOVACHEVICH
United States District Judge

Copies to:
All parties and counsel of record

19